[Civil No. 1131.   Filed April 2, 1910.]

[108 Pac. 460.]

JOHN A. AGARD and G. U. INGERSOLL, Defendants and Appellants, v. W. E. SCOTT, Plaintiff and Appellee.

1. MINES AND MINERALS — MINING CLAIMS — ASSESSMENT WORK—— KEEPER.—A locator of a mining claim placed thereon engines, cars, tools, etc.   The last actual work on the mine was done in July, 1903. From that time to March 29th following he made efforts to resume work, but did not succeed.   During that time he necessarily employed a watchman to preserve the personal property on the mine, which property was needed for the resumption of work.   *Held,* that the expense in employing the watchman was properly a part of the assessment work during the year 1904.

2. APPEAL AND ERROR—FINDINGS—CONCLUSIVENESS.—A finding of the trial court on the evidence is conclusive on appeal.

APPEAL from a judgment of the District Court of the First Judicial District, in and for Yuma County.   John H. Campbell, Judge.   Affirmed.

The facts are stated in the opinion.

Timmons & Baxter, for Appellants.

The annual labor and improvements on unpatented mining claims, within the meaning of section 2324, United States Statutes, consists of labor performed or improvements made for the purpose of working, prospecting and developing the ground embraced in the location.   *Book* v. *Hustice Min. Co.,* 58 Fed. 106, 17 Morr. Min. Rep. 617; *Gird* v. *California Oil Co.,* 60 Fed. 531, 18 Morr. Min. Rep. 45; *McCulloch* v. *Murphey,* 125 Fed. 147.

Peter J. Robertson and Clement H. Coleman, for Appellees.

The decision of this court in the case of *Kinsley and Sanders* v. *New Vulture Min. Co.,* 11 Ariz. 66, 90 Pac. 438, 110 Pac. 1135, covers the points in this case, and should be followed.

LEWIS, J.—This was an action to quiet title to a certain mining claim.   The defendant and appellant predicated his

title to the ground in controversy upon a relocation thereof, under the theory that no assessment work was done upon the claim in the year 1904.

The sole question presented is the applicability of a keeper's services as assessment work for the year mentioned. The law applicable to the facts presented is fully set forth in the opinion of Sloan, J., in the case of *Kinsley* v. *New Vulture Min. Co.,* 11 Ariz. 66, 90 Pac. 438. The evidence tends to establish that no work was done upon the claim in controversy during the year 1904. Up to March 29th of that year, the predecessor in interest of the appellee (the company) employed a watchman to care for the personal property at the mine, paying him $50 a month, which was a reasonable wage. This property cost approximately $4,000, and consisted of two gasoline engines, one of twenty-five and the other of forty horse-power, the usual amount of buckets, ropes, cars, blowers, mining and blacksmith tools, kitchen utensils of every kind sufficient for twenty or twenty-five men; also what was known as the office tent, in which there was a desk, bedding, a library consisting of seventy-five or one hundred books, and some drafting instruments. The last actual work of the company upon the mine was done July 18, 1903. From that date until March 29, 1904, the company was making efforts to resume work. The employment of a watchman was necessary for the preservation of the personal property, the claim being on the main road, but was not necessary for the purpose of preserving the shaft and workings, buildings, or other structures which were erected to work the mine. The workings upon the mine consisted of the main shaft four hundred feet deep, with drifts, cross-cuts, and winzes. The buildings consisted of a hoist house, stone building, blacksmith-shop, and several other smaller houses.

While it is clear from this *résumé* of the testimony that the keeper was employed for the sole purpose of preserving the personal property upon the mine in question, it is equally clear that the preservation of such personal property was necessary for the resumption of work in contemplation during the time the watchman was employed. The question of the necessity for the keeper on the property during the year 1904 was fairly presented to the trial court for decision by the evi-

dence in the case, and its determination of that question is conclusive upon this appeal.

The judgment is affirmed.

KENT, C. J., and DOAN and DOE, JJ., concur.