775 P.2d 1146

**LEWIS R. PYLE MEMORIAL HOSPITAL, Plaintiff/Appellee,**

v.

**GILA COUNTY, Arizona, a body politic; and Board of Supervisors for Gila County, Arizona, Defendants/Appellants.**

**No. 2 CA-CV 88-0274.**

Court of Appeals of Arizona, Division 2, Department A.

Jan. 24, 1989.

Reconsideration Denied March 9, 1989.

Review Denied July 11, 1989.*

Richard A. Johnson, Payson, for plaintiff/appellee.

Joe Albo, Jr., Gila County Atty., Globe, for defendants/appellants.

**OPINION**

HOWARD, Judge.

This is an appeal from the granting of a partial summary judgment against Gila County and the Board of Supervisors. The

* Corcoran, J., of the Supreme Court, was not present and did not participate in the determi-   nation of this matter.

case involves the running battle between the Lewis R. Pyle Memorial Hospital and the county over the payment of hospital bills incurred for the treatment of indigents hospitalized under emergency conditions.

On February 28, 1980, the hospital filed its original complaint. Paragraph IX of the complaint alleges that the plaintiff is continuing to render medical aid to indigents on an emergency basis and that the county is still refusing to pay the fair charges. It also requests leave to amend the complaint to include such billings as they occur. Thereafter, the hospital amended the complaint seven times by adding more unpaid bills.

The argument here involves the seventh amended complaint. It was filed on May 2, 1986, together with a motion for summary judgment, adding claims for which the county had previously paid 80 percent of the bill and demanding payment of the balance. This complaint was filed approximately three years and four months after the date of the last claim contained in the complaint had been partially paid.

The motion for summary judgment asked the court to grant the hospital judgment on all the claims in all of the previous complaints together with the new claims set forth in the seventh amended complaint. Opposition to the motion was based on two grounds: a dispute existed as to the indigency status of the patients and the county was only legally obligated to pay 80 percent of the bills of those patients added by the seventh amended complaint.

On September 25, 1986, the trial court held a hearing on the motion and by minute entry granted summary judgment in favor of the hospital on the claims added by the seventh amended complaint. The trial court also asked for briefs on the question of prejudgment interest. As for the remaining claims the court made some procedural orders and ordered that the case be set for trial at the convenience of the court and counsel.

There were several motions thereafter directed to the form and substance of the proposed partial summary judgment order. Eventually, on September 15, 1987, the court signed and filed an amended partial summary judgment. This judgment was not appealable because there were still multiple claims which had to be resolved, because the trial court failed to make an express determination that there was no just reason for delay, and because it failed to expressly direct the entry of judgment. See Rule 54(b), Arizona Rules of Civil Procedure, 16 A.R.S.

On October 9, 1987, the county moved pursuant to Rule 60(c), Rules of Civil Procedure, 16 A.R.S., to set aside the September 15, 1987, amended partial summary judgment and dismiss the seventh amended complaint on the ground that the complaint showed on its face that the hospital failed to comply with A.R.S. § 11-630(A). This states that "[a] claimant dissatisfied with the rejection of his demand, or with the amount allowed thereon may sue the county any time within six months after final action of the board...." This was the first time this was asserted.

The trial court denied the motion, amended some language in the amended partial summary judgment and signed and entered a second amended partial summary judgment with Rule 54(b) language.

Appellants contend the trial court erred because (1) the hospital failed to allege compliance with A.R.S. § 11-622 and (2) the trial court erred in not granting its motion under Rule 60(c) because the hospital failed to file its action within the six-month period required by A.R.S. § 11-630. We affirm.

A.R.S. § 11-622 requires that a person having a claim against the county file a demand within six months after the last item of account accrues. A party making a claim against the county must allege compliance with the statutory claims procedure before his complaint states a cause of action or sets forth facts conferring subject matter jurisdiction on the court. *Tucson Medical Center v. Apache County*, 140 Ariz. 476, 682 P.2d 1143 (App.1984); *Norcor of America v. Southern Arizona International Livestock Association*, 122 Ariz. 542, 596 P.2d 377 (App.1979). Despite some rather broad language in *Norcor* and *Tucson Medical Center*, this means that the claimant only has to allege

84

compliance with A.R.S. § 11–622 and does not mean that he must also allege compliance with A.R.S. § 11–630. A.R.S. § 11–630 is merely a limitation of actions statute governing the filing of the action in the superior court. The heart and soul of the claims statutes, the statute which requires compliance and an allegation of compliance in order to confer jurisdiction, is § 11–622.

Each and every complaint filed by the hospital stated that the hospital made "a proper demand" upon the county and that the county failed and refused to pay the demand. This allegation sufficed to confer jurisdiction. In addition, there was no dispute that the county had paid 80 percent of the bills which implies that a proper demand had been made. Furthermore, the county never offered any evidence that there was a lack of compliance with the statute.

The county never affirmatively pled the statute of limitations as a defense which is required by Rule 8(d), Rules of Civil Procedure, 16 A.R.S. The statute of limitations is a privilege which the party may waive at any time. *Eagle–Picher Mining and Smelting Co. v. Meyer*, 68 Ariz. 214, 204 P.2d 171 (1949). The county did not assert this statute as a defense in opposition to the motion for summary judgment. The first time it was mentioned was after the court had signed and filed the amended partial summary judgment. By that time the defense had been waived. Cf. *Eagle–Picher Mining and Smelting Co. v. Meyer*, supra. (Defense of statute of limitations which was raised for first time in the brief submitted to the court after trial was waived.)

Affirmed.

LIVERMORE, P.J., and HATHAWAY, J., concur.