ORDER
The parties have informed the court that they have settled the economic issues in this case. Because the parties have agreed in open court on appeal that there are no objections to vacating the district court’s October 17, 2002 order denying the motion to dismiss for improper venue,[1] we *1170 remand for a determination by the district court whether that order, the summary judgment order, and/or the judgment entered on February 18, 2003, should be vacated. See U.S. Bancorp Mortgage Co. v. Bonner Mall P’ship, 513 U.S. 18, 29, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994) (holding that “mootness by reason of settlement does not justify vacatur of a judgment under review,” but stating that a court of appeals may “remand the case with instructions that the district court consider the [vacatur] request”); see also Am. Games, Inc. v. Trade Prods. Inc., 142 F.3d 1164, 1169-70 (1998) (holding that when settlement moots a case, the district court may apply an equitable balancing test in considering vacatur).
The case is REMANDED for the purpose of considering vacatur. After remand either or both of the parties may move the district court for vacatur of the order denying the motion to dismiss for improper venue, the order denying plaintiffs motion for summary judgment and granting defendant’s motion for summary judgment, and the above referenced judgment, as permitted under Fed. R. Civ. Pro. 60(b).

. At oral argument the Court and Allianz had the following colloquy, confirming that Al-lianz did not object to vacating the district court order:
ALLIANZ: I guess in the first instance I would ask that the court allow for — I would be happy to do more briefing — but allow for some procedure where we can get this, this order vacated, and we do not have to face a collateral estoppel problem in the future.
COURT: I'm just asking you a question practically, you would like to get rid of this ruling?
ALLIANZ: Yes.
COURT: Cause you have all these policies? ALLIANZ: Yes.
Later in the argument, the Court confirmed that DHX did not object to vacating the district court’s order:
COURT: As far as you’re concerned, you have no objection to vacating the district court order?
DHX: The court could' — the court is then facing—
COURT: No, no, I know the court could, but I'm asking you as one of the litigators, you do not object to that?
DHX: I do not object to that.