**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

NASD DISPUTE RESOLUTION, INC.;
NEW YORK STOCK EXCHANGE, INC.,
   *Plaintiffs-Appellants,*

    v.

JUDICIAL COUNCIL OF THE STATE OF
CALIFORNIA; RONALD M. GEORGE,
in his official capacity as Chair of
the Judicial Council; MARVIN R
BAXTER; RICHARD D. ALDRICH;
NORMAN L. EPSTEIN; RICHARD D.
HUFFMAN; GAIL ANDREA ANDLER;
AVIVA K. BOBB; ROBERT A. DUKES;
LEONARD P. EDWARDS, WILLIAM C.
HARRISON; BRAD R. HILL; DONNA J.
HITCHENS; RONALD M. SABRAW;
BARBAR ANN ZUNIGA; MARTHA
ESCUTIA; ELLEN M. CORBETT; JOHN
J. COLLINS; PAULINE W. GEE; REX
A. HEESEMAN; THOMAS J.
WARWICK, JR., in their official
capacities as members of the
Judicial Council; WILLIAM C.
VICKERY, in his capacity as
Administrative Director of the
Courts,
   *Defendants-Appellees.*

No. 02-17413

D.C. No.
CV-02-03486-SC

OPINION

Appeal from the United States District Court
for the Northern District of California
Samuel Conti, District Judge, Presiding

6475

Argued and Submitted
January 10, 2007—San Francisco, California

Filed May 30, 2007

Before: John T. Noonan and Richard R. Clifton,
Circuit Judges, and George P. Schiavelli,* District Judge.

Opinion by Judge Clifton

---

*The Honorable George P. Schiavelli, United States District Judge for
the Central District of California, sitting by designation.

**COUNSEL**

Douglas W. Henkin, Milbank, Tweed, Hadley & McCloy LLP, New York, New York; Mark A. Perry (argued), William M. Jay, Gibson, Dunn & Crutcher LLP, Washington, D.C., for the appellants.

Mitchell C. Tilner, David S. Ettinger (argued), Horvitz & Levy LLP, Encino, California; Mary Maloney Roberts, Judicial Council of California, San Francisco, California, for the appellees.

## OPINION

CLIFTON, Circuit Judge:

The parties agree that this appeal is moot. The underlying dispute has been resolved in other litigation. The parties disagree on what should happen now, however. Appellants NASD Dispute Resolution, Inc. ("NASD"), and New York Stock Exchange, Inc. ("NYSE"), the plaintiffs, say we should vacate the district court's judgment dismissing their lawsuit. The defendant, the Judicial Council of the State of California ("the Council"), asks us to dismiss this appeal without vacating the district court's judgment. We agree with appellants and vacate the district court judgment.

I.  Background

In 2001, the California legislature passed a law ordering the Judicial Council of California, the rule-making arm of the California court system, to create ethical standards for commercial arbitrators. Cal. Code Civ. Proc. § 1281.85. The Council responded by enacting comprehensive standards including requirements for conflict-of-interest checks, disclosures to arbitrating parties, and penalties for unrevealed conflicts.

NASD and NYSE objected to the California standards. Those organizations have operated their own securities arbitration services for decades under federal auspices. They have their own standards and procedures, which are not entirely consistent with the California standards. They feared the Cali-

fornia standards would make NASD or NYSE arbitration in California more expensive, because of the added requirements, and less reliable, because an arbitrator's decision could be vacated if the arbitrator failed to comply with the California standards. Thus, they sued the Council and its individual members in federal court, seeking a declaratory judgment that (1) federal securities law preempted the California standards, (2) the California standards could not constitutionally be applied to the stock exchanges' arbitration programs, and (3) under state law the California standards did not cover NASD or NYSE arbitrations.

In November 2002, the district court dismissed the lawsuit. *NASD Dispute Resolution, Inc. v. Judicial Council*, 232 F. Supp. 2d 1055 (N.D. Cal. 2002). The dismissal did not reach the merits of the arguments put forth by NASD and NYSE but was instead based on the conclusion that the Eleventh Amendment barred suit in federal court against the Judicial Council and its individual members. *Id.* at 1064-66. NASD and NYSE appealed.

Before that appeal came to be heard by this court, we held in a different case that federal securities law did preempt the California standards, at least in the context of self-regulatory bodies like NASD and NYSE. *Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1126-36 (9th Cir. 2005). The California Supreme Court came to a similar conclusion in *Jevne v. Superior Court*, 111 P.3d 954 (Cal. 2005).

NASD and NYSE now argue that *Grunwald* and *Jevne* render the present appeal moot, noting that this appeal addresses no live controversy because those two cases effectively granted the relief they sought in the present action. They ask us to vacate the district court's judgment and remand with instructions to dismiss. The Council agrees that the appeal is moot, but does not wish to taint with vacatur a published opinion that says the Council and its members are immune from lawsuit in federal court, and thus opposes vacatur.

II.  Mootness

Even though the parties agree that this appeal is moot, we have "an independent obligation to consider mootness *sua sponte*." *In re Burrell*, 415 F.3d 994, 997 (9th Cir. 2005). That obligation is easily satisfied here, as the parties are right. A case is moot on appeal if no live controversy remains at the time the court of appeals hears the case. See *GTE Cal., Inc. v. FCC*, 39 F.3d 940, 945 (9th Cir. 1994). The test for whether such a controversy exists is "whether the appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in his favor." *In re Burrell*, 415 F.3d at 998 (quoting *Garcia v. Lawn*, 805 F.2d 1400, 1402 (9th Cir. 1986)). We cannot give the appellants any further relief because *Grunwald* and *Jevne* have already provided the relief sought by them in this case. There is no live controversy, and the appeal is moot.

III.  Vacatur

[1] When a case becomes moot on appeal, the "established practice" is to reverse or vacate the decision below with a direction to dismiss. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 71 (1997) (citing *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950)). Vacatur in such a situation "eliminat[es] a judgment the loser was stopped from opposing on direct review." *Arizonans for Official English*, 520 U.S. at 71. Without vacatur, the lower court's judgment, "which in the statutory scheme was only preliminary," would escape meaningful appellate review thanks to the "happenstance" of mootness. *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950). Under the "*Munsingwear* rule," vacatur is generally "automatic" in the Ninth Circuit when a case becomes moot on appeal. *Publ. Util. Comm'n v. FERC*, 100 F.3d 1451, 1461 (9th Cir. 1996).

[2] Nonetheless, vacatur is not always appropriate when a case becomes moot on appeal. The Supreme Court has termed

vacatur an "extraordinary remedy," one only available to appellants who "demonstrate . . . equitable entitlement" to it. *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 26 (1994) (*Bonner Mall*). An appellate court considering whether to vacate a lower court's opinion must also "take account of the public interest." *Id.* Specifically, the public has an interest in protecting district court precedents from "a refined form of collateral attack:" the appellant who settles while appeal is pending and, having rendered the case moot by his own actions, demands the adverse lower-court opinion be vacated. *Id.* "Both the Supreme Court and this court have recognized exceptions to this practice if the *party seeking appellate relief* fails to protect itself or is the cause of subsequent mootness." *Publ. Util. Comm'n*, 100 F.3d at 1461(emphasis in original). Thus, the Supreme Court held that vacatur is not always appropriate if the case is moot only because the parties settled while appeal was pending. *Bonner Mall,* 513 U.S. at 29.[1] The appellants in *Bonner Mall*, by settling, had forfeited the right to appeal and therefore lost their equitable entitlement to vacatur. *Id.* at 26. Similarly, the Supreme Court has also denied vacatur when a case is moot only because the losing party failed to pursue appeal. *Karcher v. May*, 484 U.S. 72, 83 (1987). In such cases, principles of equity and the public interest balance against vacatur. *See Dilley v. Gunn*, 64 F.3d 1365, 1369-71 (9th Cir. 1995).

The Council contends that under *Bonner Mall* and *Dilley*, equity and the public interest weigh against vacatur of the district court's opinion. NASD and NYSE would suffer no harm if the opinion was allowed to stand, the Council argues, because that opinion merely bars suits against Council mem-

---

[1]In the case of such a settlement, vacatur may still be granted; appellate courts can remand to the district court to decide whether the facts suggest that vacatur is still appropriate. *Bonner Mall*, 513 U.S. at 29. *See, e.g., DHX, Inc. v. Allianz AGF MAT, Ltd.*, 425 F.3d 1169, 1170 (9th Cir. 2005) (remanding after parties settled so that district court could decide if vacatur is appropriate).

bers, and neither NASD nor NYSE is ever likely to sue Council members again. Thus, the Council continues, the public interest in preserving "judicial precedent" requires the district court's opinion to stand, because that opinion is valuable to the public while vacatur is useless to NASD and NYSE.

**[3]** In practical terms, the significance of this dispute largely amounts to the impact of the phrase "vacated on other grounds." No matter what we conclude, the opinion of the district court will not be ripped from Federal Supplement 2d. It will still be available and will still be citable for its persuasive weight. *See United States v. Joelson*, 7 F.3d 174, 178 n. 1 (9th Cir. 1993); *Gould v. Bowyer*, 11 F.3d 82, 84 (7th Cir. 1993); *see also DHX, Inc. v. Allianz AGF MAT, Ltd.*, 425 F.3d 1169, 1176 (9th Cir. 2005) (Beezer, J., concurring). That's all the weight a district court opinion carries anyway, outside of future litigation involving the same parties and their privies, because a district court opinion does not have binding precedential effect. *See Hart v. Massanari*, 266 F.3d 1155, 1174 (9th Cir. 2001) (noting that "the binding authority principle applies only to appellate decisions, and not to trial court decisions").

**[4]** The impact of the phrase "vacated on other grounds" may motivate the parties before us to contest the issue, but it is not enough to get this case out from under the general rule of *Munsingwear.* This rule requires us to vacate the district court's judgment. The Supreme Court in *Bonner Mall* held that it stood by "*Munsingwear*'s dictum that mootness by happenstance provides sufficient reason to vacate." 513 U.S. at 25 n. 3. The present case is one in which "happenstance," not the parties' own actions, rendered the appeal moot. The appellants did not settle the case, nor did they fail to appeal. Rather, this court and the California Supreme Court resolved the controversy with the decisions in *Credit Suisse* and *Jevne*. That was not appellants' doing. NASD and NYSE were not even parties to those actions, though it would not matter if they had been, because they could not be required to abandon their

consistent position in other pending litigation merely to avoid mooting out another case. We therefore hold that the exception identified in *Bonner Mall* for settlements should not apply to judgments mooted by court decisions in other cases.

**[5]** We vacate the district court's judgment and remand with instructions to dismiss the case.

VACATED AND REMANDED.