**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 17 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LORENZO MARTINEZ-NIETO, | No. 05-75663 |
| Petitioner, | |
| v. | Agency No. A075-693-753 |
| ERIC H. HOLDER JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 12, 2010[**]
San Francisco, California

Before: WALLACE, GRABER, and McKEOWN, Circuit Judges.

Lorenzo Martinez-Nieto ("Martinez"), a native and citizen of Mexico,

petitions for review of the Board of Immigration Appeals' ("BIA") decision

affirming the immigration judge's ("IJ") denial of his application for cancellation

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of removal and the BIA's denial of his motion to remand for consideration of his application for adjustment of status.

We dismiss the petition in part and deny in part. Martinez's conviction for conspiracy to commit marriage fraud in violation of 18 U.S.C. § 371 constituted a crime of moral turpitude rendering him ineligible for cancellation relief. See 8 U.S.C. § 1229b(b)(1)(B) & (C). The plea agreement states expressly that Martinez and his co-conspirator "agreed to defraud the INS by fraudulently obtaining permanent residence status and a 'green card' for MARTINEZ." Thus, the record of conviction makes clear that Martinez was convicted for "conspiracy to defraud" a federal agency and that he possessed the intent to defraud required for a moral turpitude offense. See McNaughton v. INS, 612 F.2d 457, 459 (9th Cir. 1980) (per curiam) (explaining that a crime involving "the intent to defraud clearly is one involving moral turpitude").

Since the filing of this appeal, the Department of Homeland Security denied Martinez's spousal visa petition, and the BIA dismissed Martinez's administrative appeal. Consequently, his request for a remand in order to seek adjustment of status is moot. See DHX, Inc. v. Allianz AGF MAT, Ltd., 425 F.3d 1169, 1174 (9th Cir. 2005) (order).

Finally, Martinez failed to allege a colorable equal protection challenge to the IJ's refusal to grant a continuance, but rather simply dressed up his challenge to the IJ's abuse of discretion in "constitutional garb." <u>See</u> <u>Torres-Aguilar v. INS</u>, 246 F.3d 1267, 1271 (9th Cir. 2001). Consequently, we lack jurisdiction to review this claim. <u>See</u> 8 U.S.C. § 1252(a)(2)(C).

**PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART.**