FILED

NOT FOR PUBLICATION

JUN 22 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



MERCHANT TRANSACTION
SYSTEMS, INC.,

        Plaintiff - Appellee,

  v.

NELCELA, INC., LEN CAMPAGNA, and
ALEC DOLLARHIDE,

        Defendants - Appellants,

EBOCOM, INC. and POST
INTEGRATIONS, INC.,

        Defendants - Appellees,

  v.

MARY GERDTS, DOUGLAS
MCKINNEY, GENE CLOTHIER, and
TONI CLOTHIER,

        Third-party-defendant -
Appellees.

No. 10-16008

D .C. No. 2:02-cv-01954-MHM

MEMORANDUM[*]

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Arizona
Mary H. Murguia, District Judge, Presiding

Argued and Submitted May 11, 2011
San Francisco, California

Before: GOULD and M. SMITH, Circuit Judges, and GERTNER, District Judge.[**]

Defendants-Appellants Nelcela, Inc., Len Campagna, and Alec Dollarhide appeal the Amended Judgment of the district court dated April 14, 2010, which, *inter alia*, awarded Merchant Transactions Systems, Inc. (MTSI), POST Integrations, Inc. (POST), and Ebocom, L.L.C., damages for breach of contract, unjust enrichment, and fraud under Arizona law. Because the parties are familiar with the remaining facts and procedure, we will explain the record only when it is necessary to resolve an issue raised on appeal. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I.      Statute of Limitations

Appellants assert that Lexcel, Inc.'s (Lexcel's) suit was barred by a three-year statute of limitations for copyright infringement claims. *See* 17 U.S.C. § 507(b). Nelcela settled these claims with Lexcel after the Phase I trial and thus none of these claims proceeded to a judgment which can be reviewed. "Where

[**]      The Honorable Nancy Gertner, United States District Judge for the District of Massachusetts, sitting by designation.

2

parties enter into a settlement that resolves all outstanding disputes, we are unable to grant effective relief and the case becomes moot." *DHX, Inc. v. Allianz AGF MAT, Ltd.*, 425 F.3d 1169, 1174 (9th Cir. 2005).

Appellants also contend that MTSI's state-law claims are barred by various Arizona statutes of limitations. Under Arizona law, "[t]he statute of limitations is a privilege which the party may waive at any time." *Lewis R. Pyle Mem'l Hosp. v. Gila Cnty.*, 775 P.2d 1146, 1148 (Ariz. Ct. App. 1989). While Appellants included a boilerplate statute of limitations defense in their answer to MTSI's complaint, they did not specifically raise the issue again until the charging conference on the eighth day of trial. Even when they raised the argument, Appellants failed to submit a jury instruction or adequately focus the issue for the district court. *See Grosvenor Props. Ltd. v. Southmark Corp.*, 896 F.2d 1149, 1152–53 (9th Cir. 1990). Statute of limitations questions often require the resolution of factual disputes, *see, e.g.*, *Golden v. Faust*, 766 F.2d 1339, 1341 (9th Cir. 1985), and Nelcela's dilatory behavior prevented the district court from putting the issue to the jury. Given that "the defense of the statute of limitations is not favored" in Arizona, *O'Malley v. Sims*, 75 P.2d 50, 54–55 (Ariz. 1938), and Nelcela made no effort to meet its burden to prove that the statute barred MTSI's claims, there was no error in the district court's rejection of Appellants' statute of limitations arguments.

## II.    Analytic Dissection

Nelcela argues that the district court erred in its Phase I summary judgment by failing to consider the question of analytic dissection prior to the Phase I trial. Although analytic dissection is relevant to a determination of ownership, *see Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1476 (9th Cir. 1992), none of the parties moved the district court to engage in this analysis prior to the Phase I trial. The district court's decision to bifurcate the proceedings, in reliance on the parties' expressed positions and theories, was not an abuse of discretion. *See Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001). Moreover, any error in the merits of the district court's analytic dissection was mooted by the settlement of the copyright claims between Lexcel and Nelcela. *See Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1132 (9th Cir. 2005).

## III.    Jury Instructions

Nelcela argues the district court erred in instructing the Phase II jury on the outcome of the Phase I trial, the "work-for-hire" doctrine, and the import of the mutual confidentiality agreement. We disagree.

Nelcela's argument concerning the Phase I instruction is not based on a purported misstatement of law but, rather, claims a misstatement of the facts decided in Phase I. The instruction is an accurate characterization of the Phase I

4

verdict and proceedings. We see no abuse of the district court's discretion in formulating and giving that instruction. *See Dang v. Cross*, 422 F.3d 800, 804 (9th Cir. 2005) (holding that a district court's formulation of jury instructions in a civil case is reviewed for abuse of discretion).

Likewise, the instruction on the work-for-hire doctrine was derived from 17 U.S.C. § 201(b), which the district court quoted nearly verbatim. This instruction was clearly not a misstatement of the law, and the district court's decision to give it as as a baseline rule was reasonable in light of Dollarhide's claim to have designed the Nelcela software while in the employ of MTSI.

Finally, Nelcela expressly declined to object to the instruction on the Mutual Confidentiality Agreement and waiver, and now proffers no explanation for why the district court's instruction was either legally deficient or substantially prejudiced the result. *See Phil. Nat'l Oil Co. v. Garrett Corp.*, 724 F.2d 803, 807 (9th Cir. 1984) (citing Fed. R. Civ. P. 51).

## IV. Sufficiency of the Evidence

Appellants argue that district court erred in denying judgment as a matter of law on Appellees' fraud claims. However, like the district court, we too are "firmly convinced" that the fraud verdicts were supported by substantial evidence. *See Taeger v. Catholic Family & Cmty. Servs.*, 995 P.2d 721, 730 (Ariz. Ct. App. 1999).

The evidence adduced at trial revealed that Nelcela misled the POST parties in claiming to own the software it was selling and in making representations to Mary Gerdts that there was no cloud on that ownership. Carl Kubitz testified that, during his meetings with Dollarhide and Campagna in 1999, he did not give Nelcela permission to use Lexcel's source code and Campagna promised to stop using it. Gerdts testified directly about her reliance on Nelcela's assertions about the viability of its software. She further testified to being assured the conversion would work and that the system was sound. She recounted how an $800,000 overdraft harmed her business and that Nelcela refused to give her programmers the software to attempt to correct the problems it created. That Nelcela did not own or have the right to sell the software it was selling to POST was known by Appellants when they made representations to prospective buyers. Moreover, Gerdts testified that she would not have entered into an agreement if she had known that Nelcela did not own the software it was selling. There was significant circumstantial evidence as well, including evidence that Dollarhide destroyed the computer hard drives after the initiation of litigation.

## V.  Motion for New Trial

Among other things, the party seeking a new trial must "establish that the conduct complained of prevented the losing party from fully and fairly presenting

6

his case or defense." *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 879 (9th Cir. 1990). Here, the district court flatly rejected the argument that it had been misled by POST's pretrial filings and *in limine* motions. We have found no reason to question that determination. There is no evidence POST improperly withheld evidence or failed to make appropriate disclosures to the district court.

***

We have considered Appellants' myriad other arguments and assignments of error and hold that they do not alter our decision. For the foregoing reasons, the judgment of the district court is **AFFIRMED.**