Frank **GOULD, et al., Plaintiffs–Appellees,**

v.

Larry **BOWYER, Defendant–Appellant.**

No. 92–3697.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 26, 1993.

Decided Dec. 2, 1993.

Frederick W. Dennerline, Fillenwarth, Dennerline, Groth & Towe, Indianapolis, IN, Michael A. Crabtree, Central Pension Fund of the I.U.O.E. & Participating Employers, Washington, DC for plaintiffs-appellees.

Raymond C. Bowyer, Walton, IN for defendant-appellant.

Before POSNER, Chief Judge, and RIPPLE and ROVNER, Circuit Judges.

POSNER, Chief Judge.

The defendant in an ERISA case appeals from the grant by the district judge of the plaintiffs' motion to vacate the judgment in the defendant's favor; the basis for the motion was that, unbeknownst to the judge, the parties had agreed to settle the case. The plaintiffs, administrators of a union pension fund, had filed suit in March 1987, charging that the defendant, an employer required by its collective bargaining agreement with the union to make certain contributions to the fund, had failed to do so. The plaintiffs moved for summary judgment in December 1988 and the defendant in February of the following year. Afterward the parties began negotiating a settlement. On June 17, 1992, they signed an agreement requiring the defendant to pay $15,000 to the fund within 90 days and the plaintiffs to dismiss the suit with prejudice as soon as the payment was received. On August 19, before payment was due or had been paid, the district judge—who had not been told of the settlement agreement—entered an order, accompanied by a lengthy opinion, granting summary judgment for the defendant and against the plaintiffs. The record does not reveal why the judge had waited more than three years since the last motion for summary judgment had been filed to rule on the motions. A final judgment in favor of the defendant was duly entered. On September 14 the defendant delivered $15,000 to the plaintiffs in accordance with the settlement agreement. The plaintiffs then asked the district court to vacate its judgment for the defendant and dismiss the suit with prejudice, and the judge did so over the defendant's objection.

 The dispute between the parties had not yet become moot when the judgment was entered, because the settlement agreement had not yet become effective. *Selcke v. New England Ins. Co.*, 2 F.3d 790 (7th Cir. 1993). So the judge was not under the imperative command of Article III of the Constitution to vacate the judgment. Rule 60(b) of the Federal Rules of Civil Procedure, however, authorizes a district judge to vacate a judgment that was valid when entered, and among the specific grounds is that the judg-

ment has been satisfied. Fed.R.Civ.P. 60(b)(5). Objecting to the judge's action, the defendant argues that the plaintiffs should be punished for having failed to advise the district court that a settlement agreement had been signed. Why the plaintiffs should be thought the only guilty ones escapes us; nothing in the settlement agreement required them rather than the defendant to advise the court that a settlement agreement had been reached. Both sides were at fault. We repeat our admonition in *Selcke* that in order to spare busy courts unnecessary work, parties must advise a court when settlement is imminent. See also *GCIU Employer Retirement Fund v. Chicago Tribune Co.*, 8 F.3d 1195, 1200 (7th Cir.1993); *Douglas v. Donovan*, 704 F.2d 1276, 1279–80 (D.C.Cir.1983); cf. *Board of License Commissioners v. Pastore*, 469 U.S. 238, 240, 105 S.Ct. 685, 686, 83 L.Ed.2d 618 (1985). The duty is especially plain when a settlement agreement has actually been signed although it has not taken effect. The duty is implicit in the characterization of lawyers as officers of the court, and a breach of it therefore opens a lawyer to sanctions.

Were this a case where a litigant, having lost in the district court, took steps to moot the case in the hope of wiping out a judgment that it did not expect to be able to get reversed on appeal, the district judge would not be required to vacate the judgment. *Smith v. State Farm Mutual Automobile Ins. Co.*, 964 F.2d 636 (7th Cir.1992); *Harris v. Board of Governors*, 938 F.2d 720, 724 (7th Cir.1991); *Wisconsin v. Baker*, 698 F.2d 1323, 1331 (7th Cir.1983); *In re United States*, 927 F.2d 626 (D.C.Cir.1991); *United States v. Garde*, 848 F.2d 1307, 1310–11 (D.C.Cir.1988) (per curiam); cf. *Karcher v. May*, 484 U.S. 72, 82–83, 108 S.Ct. 388, 391, 98 L.Ed.2d 327 (1987). (We have acknowledged the tension between this approach and the practice of the Supreme Court, following *United States v. Munsingwear*, 340 U.S. 36, 40–41, 71 S.Ct. 104, 107, 95 L.Ed. 36 (1950), in routinely vacating the lower-court judgment when a case becomes moot after a petition for certiorari has been filed, without seeming to care why it became moot. *Clark Equipment Co. v. Lift Parts Mfg. Co.*, 972 F.2d 817, 819 n. 1 (7th Cir.1992); *Commodity Futures Trading Comm'n v. Board of Trade*, 701 F.2d 653, 657 (7th Cir.1983).) Even in the case of a mutual decision of the parties to settle on terms that will shield them from being plagued by the judgment in the future, we have held that this court is not required to vacate orders rendered before the case was settled. *In re Memorial Hospital*, 862 F.2d 1299, 1302 (7th Cir.1988). (That issue is now before the Supreme Court. *Izumi v. U.S. Philips Corp.*, —— U.S. ——, 113 S.Ct. 1249, 122 L.Ed.2d 649 (1993) (granting cert.).) Here the parties settled before the district court was deprived of jurisdiction over the case by the filing of an appeal and upon terms that had been worked out before the district court's decision was known. Even if under *Memorial Hospital* the district court was not required to vacate its decision, it was authorized to do so. *Memorial Hospital* is a decision about whether a court must vacate a decision on the basis of a settlement reached afterward, not whether and when it must do so. In *Memorial Hospital*, where the case became moot pending appeal, the parties had asked us, not the district court, to vacate the district court's decision.

The defendant seems in any event more concerned with preserving the precedential effect of the district court's decision than with preserving its preclusive effect. So we remind that the vacation of a decision on grounds of supervening mootness does not deprive the decision of whatever precedential effect an unappealable district court decision may have. *Harris v. Board of Governors*, *supra*, 938 F.2d at 723; *United States v. Articles of Drug*, 818 F.2d 569, 572 (7th Cir.1987). And really such a decision has no precedential effect: A district court decision binds no judge in any other case, save to the extent that doctrines of preclusion (not stare decisis) apply. *Smith v. State Farm Mutual Automobile Ins. Co.*, *supra*, 964 F.2d at 638; *Colby v. J.C. Penney Co.*, 811 F.2d 1119, 1124 (7th Cir.1987). Its only significance is as information, and would not be affected even if the reviewing court intoned in its most solemn voice that the district court's decision would have no precedential effect whatsoever—not the least little bit.

The order vacating the district court's judgment and dismissing the suit with prejudice is

Affirmed.