Nadine SCHACHT, Plaintiff

v.

ETHICON, INC., Defendant.

No. 95 C 1932.

United States District Court,
N.D. Illinois,
Eastern Division.

March 31, 1995.

Robert S. Baizer, Highland Park, IL, for plaintiff.

Michael W. Davis, Maja C. Eaton, and George C. Kokkines, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

Ethicon, Inc. ("Ethicon") has filed a timely Notice of Removal ("Notice") to bring to this District Court an action originally filed against it by Nadine Schacht ("Schacht") in the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois. For the reason stated in this sua sponte memorandum opinion and order, this Court is constrained to direct a remand of this action to the state court for lack of subject matter jurisdiction.

Ethicon seeks to invoke federal jurisdiction on diversity-of-citizenship grounds, and Notice ¶ 3 identifies Schacht as an Illinois citizen while Notice ¶ 4 confirms Ethicon's Ohio and New Jersey citizenship under 28 U.S.C. § 1332(c)(1).[1] Those representations meet half of the jurisdictional requirements. But Ethicon's difficulty here is the familiar one of satisfying the more-than-$50,000 amount-in-controversy requirement: Because of the mandate of Illinois pleading law (735 ILCS 5/2–604), all that Schacht has been able to say in each of the three counts of her personal injury Complaint is that she "prays for judgment against Defendant Ethicon, Inc. in an amount in excess of $30,000.00, together with the costs of this action." And of course the existence of federal jurisdiction is something that must be established expressly, not simply in terms of surmise or guesswork (with the burden of such establishment resting on the party that seeks to invoke such jurisdiction).

Whenever a suit for personal injuries is involved, the plaintiff's lawyer tends to recite the familiar drill of "serious and personal injuries of a personal and pecuniary nature" (Complaint Count I ¶ 5, Count II ¶ 8 and Count III ¶ 15) or something pretty close to that, even when that characterization may well be a substantial overstatement of what the plaintiff has actually suffered. Thus a defense lawyer in a personal injury case that is a potential candidate for removal to federal court is confronted by a dilemma: whether to wait until it can actually be verified that more than $50,000 is at stake, thus running the risk that plaintiff's counsel may then claim defendant's noncompliance with the 30–day timetable prescribed for removal by Section 1446(b), or whether to file a prompt Notice (as Ethicon has done here), running the risk that the removal may be deemed fatally flawed because federal jurisdiction has not yet been established.

It was because of this Court's recognition of just that dilemma that it wrote (sitting by designation with our Court of Appeals) what proved to be a dissenting opinion in *Shaw v.*

---

1. All further references to Title 28's provisions will simply take the form "Section—."

*Dow Brands, Inc.,* 994 F.2d 364, 371–78 (7th Cir.1993). In *Shaw* this Court proposed a bright-line solution that would eliminate the dilemma entirely, while at the same time protecting both the jealously-guarded limits of federal jurisdiction and the rights of any defendant seeking to invoke that jurisdiction in an appropriate case.

After all, with limited exceptions (none of which applies to the situation presented by this and like cases) the law remains as Justice Holmes long ago stated it in his famous aphorism in *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913):

> Of course, the party who brings a suit is master to decide what law he will rely upon, and therefore does determine whether he will bring a "suit arising under" the patent or other law of the United States by his declaration or bill. That question cannot depend upon the answer, and accordingly jurisdiction cannot be conferred by the defense, even when anticipated and replied to in the bill.

And that concept of the plaintiff as "master" is closely linked to the Supreme Court's later pronouncement in what has been and remains the seminal decision on the amount-in-controversy issue, *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 294, 58 S.Ct. 586, 592, 82 L.Ed. 845 (1938):

> If he [the plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.

That principle applies directly to any plaintiff whose preference for state court jurisprudence leads to his or her placing a lower price tag on an unliquidated claim than the claim might otherwise command (or even, for example, to his or her suing in state court for less than the jurisdictional amount in seeking

to recover on a promissory note with a higher face value).

Because of the procedural sequence in *Shaw,* it posed what the majority of the panel there viewed as a distinguishing factor. Plaintiff had acknowledged (most recently in the jurisdictional statement in his Court of Appeals brief) that more than $50,000 was in controversy. It was only when the jurisdictional issue was raised by the court sua sponte that plaintiff sought to establish that the over-$50,000 threshold had really not been met (994 F.2d at 366). Even though the *Shaw* majority held that made a difference in terms of what was actually at stake, the majority opinion expressly characterized as "eminently sensible" (*id.* at 367) and it therefore "recommend[ed] to removal-minded defendants in Illinois" (*id.*) the procedure that this Court's opinion set out for defendants as the means to obtain a definitive resolution of the issue (*id.* at 376).

This case does not begin to resemble *Shaw* in the respect found significant by the majority there—all we know from Schacht's Complaint is that she characterizes her injuries as "serious and permanent" and that she targets her damages at least at the $30,000 level. This is not at all to question the subjective good faith of Ethicon's effort at removal—it certainly sounds as though Schacht's sights would likely be set much higher than a $50,000 recovery. But without doing violence to the *Fair-St. Paul* principles, this Court cannot affirmatively find that federal subject matter jurisdiction has been established by such an unconfirmed supposition.[2] This Court instead remains of the view that all relevant interests (importantly including the federal courts' interest in adhering strictly to jurisdictional principles) are best served in the manner that this Court identified in *Shaw.*

Two added points are worth mentioning, one bearing on the particulars of this case and the other speaking to the general problem for a defendant that is called on to

---

2. *Shaw* did not resolve the dilemma that has again been identified here—indeed, the majority there stated (994 F.2d at 367–68):
> We need not decide whether such cases as a general matter should be remanded for more factfinding (to state or federal district court)

because in this instance Shaw has already conceded that his claim is worth more than $50,000: by not contesting removal when the motion was originally made, and by jurisdictional statements to this Court in his first brief.

consider whether or not to remove such a state-court-filed personal injury suit to the federal court. Those matters will be addressed briefly before this opinion turns to the remand order itself.

As to this case, one potential means of definitively resolving the amount-in-controversy question before deciding on the appropriateness of a remand order has been foreclosed by *In re Shell Oil Co.*, 966 F.2d 1130, 1131–32 (7th Cir.1992) and 970 F.2d 355, 356 (7th Cir.1992) (per curiam). That being so, the appropriate forum for the necessary fact-finding as to the amount in controversy (see n. 2) is the state court, and the appropriate time is post-remand. It should be understood, however, that if Ethicon's inquiries of Schacht in the state court after this remand were to demonstrate that over $50,000 *is* in controversy and if Ethicon were thereafter again to essay removal (in which event the rules of this District Court would cause the case to be assigned directly to this Court's calendar as the refiling of a previously-dismissed case), Schacht would not be heard to argue that the second removal was somehow untimely under Section 1446(b)—except, of course, if that were to be done after expiration of the one-year time limit specified in the second paragraph of that statutory provision.

As for a more universal answer to the question faced by defense counsel in this class of lawsuit (whether or not to remove at the very outset), of course the assignment of cases to a particular calendar necessarily takes place after removal. Thus a defendant's lawyer has no way of knowing, when deciding on a course of action, if the case (whether removed early or late) will come before a District Judge who shares the views that have been expressed here. We are regularly reminded that opinions such as this one have no precedential effect (see, e.g., *Colby v. J.C. Penney Co.*, 811 F.2d 1119, 1124 (7th Cir.1987), reconfirmed in such opinions as *In re Smith*, 964 F.2d 636, 638 (7th Cir. 1992) and *Gould v. Bowyer*, 11 F.3d 82, 84 (7th Cir.1993)). And when this Court (sitting by designation with the Court of Appeals in the *Shaw* case) was in a position for its views to have a broader impact, the unusual special circumstances in *Shaw* forced those views to be voiced in dissent. Thus all defense counsel in future cases will have to draw guidance from such sources as the *Shaw* majority's endorsement of the procedure that this Court has outlined in its dissenting *Shaw* opinion, or perhaps from the future expressions of views by this Court's colleagues in this area of law.

To return to the present case, the earlier analysis has demonstrated that Ethicon has not made the necessary affirmative showing of the requisite jurisdictional amount in controversy. This Court accordingly remands this action to the state court, as is mandated by Section 1447(c) whenever "it appears that the district court lacks subject matter jurisdiction." This Court further orders, as permitted by this District Court's General Rule 30(b), that the certified copy of the remand order shall be mailed forthwith.