**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DHX, INC., a California
corporation,
                *Plaintiff-Appellant,*

v.

ALLIANZ AGF MAT, LTD., a
foreign corporation, doing business
in the State of California,
                *Defendant-Appellee.*

No. 03-55426

D.C. No.
CV-02-06397-PA

DHX, INC., a California
corporation,
                *Plaintiff-Appellee,*

v.

ALLIANZ AGF MAT, LTD., a
foreign corporation, doing business
in the State of California,
                *Defendant-Appellant.*

No. 03-55455

D.C. No.
CV-02-06397-PA

ORDER

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted
December 6, 2004—Pasadena, California

Filed September 19, 2005

Before: Stephen Reinhardt, Robert R. Beezer, and
Kim McLane Wardlaw, Circuit Judges.

13391

Order; Concurrence by Judge Beezer

## COUNSEL

David E.R. Woolley, Attorney at Law, Los Angeles, California, for the plaintiff-appellant/appellee.

G. Geoffrey Robb, Gibson Robb & Lindh LLP, San Francisco, California, for the defendant-appellee/appellant.

## ORDER

The parties have informed the court that they have settled the economic issues in this case. Because the parties have agreed in open court on appeal that there are no objections to vacating the district court's October 17, 2002 order denying the motion to dismiss for improper venue,[1] we remand for a

---

[1]At oral argument the Court and Allianz had the following colloquy, confirming that Allianz did not object to vacating the district court order:

ALLIANZ:      I guess in the first instance I would ask that the court allow for — I would be happy to do more briefing — but allow for some procedure where we can get this, this order vacated, and we do not have to face a collateral estoppel problem in the future.

. . .

COURT:      I'm just asking you a question practically, you would like to get rid of this ruling?

ALLIANZ:      Yes.

COURT:      Cause you have all these policies?

ALLIANZ:      Yes.

Later in the argument, the Court confirmed that DHX did not object to vacating the district court's order:

COURT:      As far as you're concerned, you have no objection

determination by the district court whether that order, the summary judgment order, and/or the judgment entered on February 18, 2003, should be vacated. *See U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 29 (1994) (holding that "mootness by reason of settlement does not justify vacatur of a judgment under review," but stating that a court of appeals may "remand the case with instructions that the district court consider the [vacatur] request"); *see also Am. Games, Inc. v. Trade Prods. Inc.*, 142 F.3d 1164, 1169-70 (1998) (holding that when settlement moots a case, the district court may apply an equitable balancing test in considering vacatur).

The case is REMANDED for the purpose of considering vacatur. After remand either or both of the parties may move the district court for vacatur of the order denying the motion to dismiss for improper venue, the order denying plaintiff's motion for summary judgment and granting defendant's motion for summary judgment, and the above referenced judgment, as permitted under Fed. R. Civ. Pro. 60(b).

---

BEEZER, Circuit Judge, concurring:

The parties arrived at a complete financial settlement but agreed to continue to litigate. Without informing us, the parties created a facade: Allianz entered into a complete financial settlement with DHX, but Allianz also paid DHX attorney's fees so that DHX could continue to litigate the case and play

---

|       |                                                                                       |
| ----- | ------------------------------------------------------------------------------------- |
|       | to vacating the district court order?                                                 |
| DHX:  | The court could — the court is then facing —                                          |
| COURT:| No, no, I know the court could, but I'm asking you as one of the litigators, you do not object to that? |
| DHX:  | I do not object to that.                                                               |

the part of an aggrieved party, even though DHX no longer had any interest in the matter.

The parties have settled their entire underlying dispute, depriving us of a live case or controversy which permits adjudication. I write separately to emphasize the fundamental principle that settlements such as the one before us deprive us of an actual case or controversy. I also emphasize the duty upon attorneys to affirmatively disclose settlements to the court and our highly circumscribed authority to vacate district court judgments after parties have reached a settlement.

I

The underlying dispute arises out of an insurance contract. The insured, Dependable Hawaiian Express, Inc. ("DHX"), filed suit, alleging that Allianz AGF MAT Ltd. ("Allianz")[1] breached its insurance contract in bad faith. DHX's insurance claim arose from the theft from its premises of two shipping containers which contained, among other merchandise, 504 cartons of shoes that were owned by the corporation now known as Foot Locker, Inc. Allianz moved to dismiss the suit for improper venue, relying on the policy's forum selection clause which provides that:

> This Policy shall be construed according to and governed by English law and any dispute between the Assured and Insurers shall be submitted to the exclusive jurisdiction of the High Court of Justice, England.

The district court declined to enforce the forum selection clause as Allianz requested, because doing so, it held, would "deprive DHX of its constitutional and statutory right to a trial

---

[1] I refer to Allianz AGF MAT Ltd. as "Allianz" throughout this opinion. I refer to Allianz's principal, the insurer and primary underwriter of the insurance policy, Allianz AGF M.A.T., S.A, as "AGF M.A.T., S.A."

by jury." *DHX, Inc. v. Allianz AGF MAT Ltd.,* 2002 WL 31421952, at \*1, 2002 A.M.C. 2463 (C.D. Cal. Oct. 17, 2002) ("forum clause order"). Ultimately, the district court entered judgment in favor of Allianz, concluding that Allianz was not the insurer and was an improper party to the suit.[2]

DHX appealed the summary judgment order. *See* Ninth Cir. Case No. 03-55426. Allianz cross-appealed the district court's forum clause order, in which the district court declined to enforce the forum selection clause and denied Allianz's motion to dismiss. *See* Ninth Cir. Case No. 03-55455.

After the parties filed and briefed these appeals, but before oral argument, Allianz and DHX informed us that "DHX and AGF M.A.T., S.A." have "entered into a settlement of certain proceedings before the English courts." Stipulation Limiting Issues For Appeal ("Stipulation").[3] The stipulation, signed and submitted by the attorneys for each party, asserts that "AGF M.A.T., S.A. is the principal underwriter of the insurance policy that is the subject of these appeals but is not a party to these appeals." *Id.* Despite the settlement, the parties asked us to adjudicate the dispute "between DHX, Inc. and Allianz" that arises from Allianz's appeal of the district court's forum clause order. *Id.* ("The remaining disputed issue is the subject insurance policy's forum selection clause in favor of English courts, which the District Court found unenforceable for lack of an express waiver of the right to jury trial. A dispute as to the enforceability of that clause and its collateral estoppel effect remains."). In the stipulation, signed

---

[2]The district court held that AGF M.A.T., S.A. was the actual insurer. DHX alleged that, through a series of name changes and by employing a raft of corporate entities, Allianz masked the identity of the true insurer. Allianz alleged that DHX knew full well that AGF M.A.T., S.A. was the true insurer, but that DHX insisted on suing Allianz as a litigation strategy to force it to post a sizable bond pursuant to California law as a non-admitted foreign insurer. These and related issues were briefed in Appeal No. 03-55426, which, as I explain, the parties have settled.

[3]I have reproduced the Stipulation in its entirety as Appendix A.

by representatives for Allianz and DHX, the parties agreed that this was "[t]he only remaining issue[ ]." DHX thus agreed to abandon its entire appeal of the district court's judgment in favor of Allianz.

At oral argument, we inquired of counsel whether we were presented with a live case or controversy which we could properly decide:

> THE COURT: The case is over. All you're now litigating, if you are, is this question about whether that clause in the contract is valid or not. And I wonder whether that's of general interest to you that you want to fight to preserve or whether you no longer really have any interest in it.

> DHX: I have no interest in it any longer. But the bar has. As [Allianz's attorney] reports, he's been called by other lawyers. I've been called by other lawyers. It's the problem of putting the genie back in the bottle. The genie is out. It is a published opinion.

> . . .

> THE COURT: Is this something that you really want to pursue, whether under the Allianz whatever it is contract, where the cases must be tried. Does your client have an interest in pursuing that?

> DHX: My client has very little interest.

> THE COURT: That's what I figured.

> DHX: The interest is Allianz's. . . .

Allianz's attorney revealed at oral argument that it issues numerous policies that provides for claims litigation exclusively in England and counsel pressed for a decision on the

merits. The attorney for Allianz asked us, if we declined to reach the merits, to simply vacate the district court's decision, a request to which DHX did not object.

The wording of the stipulation made it appear that the only parties to the settlement "of certain proceedings" were DHX and AGF M.A.T., S.A. If, as it seemed, Allianz were not a party to the settlement, it would at least arguably be permissible, on the surface, for us to reach the forum clause issue on the merits or simply vacate the district court's opinion.

But in light of our "constitutional obligation to police jurisdictional matters assiduously," *Gator.com Corp. v. L.L. Bean, Inc.,* 398 F.3d 1125, 1128 (9th Cir. 2005) (en banc), after considerable deliberation, we ordered the parties to turn over any relevant settlement agreements so that we could assess whether the case is moot.[4] *See id.* (requesting a copy of the parties' settlement agreement to determine whether a settlement mooted the case.).

## II

The parties' detailed and highly unusual settlement agreement reveals an embarrassingly ill-conceived attempt to preserve a live controversy despite taking all economic issues off the table. The parties' agreement, and the corresponding effort to "craft" around the mootness bar, is nothing less than a failure. The settlement, which is reproduced in its entirety as Appendix B, leads to the inescapable conclusion that the case is moot.

---

[4]Our order dated July 27, 2005 instructed the parties to file "copies of the settlement agreement between DHX and AGF M.A.T., S.A. and of any agreements between DHX and ALLIANZ AGF MAT, LTD. that were entered into prior to DHX's dropping of appeal No. 03-55426 that relate to such action by DHX."

A

The parties submitted copies of the settlement agreement, which was signed by representatives of DHX, Allianz, and AGF M.A.T., S.A., as well as the two attorneys appearing before us. Under no circumstances can it be fairly agreed that Allianz was not a party to the settlement.

The principal monetary component of the settlement is the agreement of Allianz's principal, AGF M.A.T., S.A., to pay DHX $219,000.[5] Settlement at ¶ 1. The settlement provides for the dismissal of related proceedings in England between AGF M.A.T., S.A. and DHX. *Id.* at ¶ 2. DHX agreed to release both Allianz and AGF M.A.T., S.A. "and any other company obligated in any way under the policy of insurance" from all claims deriving from the theft of the shipping containers. *Id.* at ¶ 3. DHX also released these entities "concerning the matters relating to or arising out of" this lawsuit. *Id.* DHX "agree[d] to file any dismissals with prejudice of [this lawsuit] that may become necessary to conclude the action consistent with this agreement." *Id.*

With the matter settled, typically the parties would simply ask us to dismiss the case in light of the parties' settlement. But DHX and Allianz had other intentions.

Despite the settlement, DHX and Allianz agreed to continue to litigate the forum clause order. The settlement agreement commanded that "DHX will oppose the venue appeal on such terms and issues as are most favorable to pursuing a ruling on the merits from the Ninth Circuit." *Id.* All the while, DHX had already received a full monetary settlement that could not be increased, even if DHX prevailed in its arguments relating to the forum clause.

---

[5]In its amended complaint, the compensatory damages that DHX sought were $185,371.37 in relation to the stolen shoes and $58,023.70 with respect to other claims. But at the time of this appeal, DHX focused only on the claim for $185,371.37.

To provide some incentive for DHX to continue to litigate, Allianz agreed to pay DHX's attorney's fees. AGF M.A.T., S.A. "agreed to reimburse reasonable attorneys fees and costs of DHX in doing any substantial work related to the matters on appeal and proceedings before the District Court . . . ." *Id.* The agreement provided for DHX to be paid at the rate of $300 for each hour its attorney dedicated to "substantial work actually done and submitted by detailed invoice . . . related to pursuing resolution of the remaining venue issue before the Ninth Circuit and the district court." *Id.* These provisions included Allianz's specific agreement to reimburse DHX for up to ten hours of attorney's fees for preparation and attendance at the oral argument on appeal. *Id.* Allianz even agreed to pay for DHX's attorney's travel expenses to Pasadena, California, where we heard oral argument.[6]

Creating the settlement in the manner that they did, the parties were attempting to provide for continued litigation on the forum clause issue, while eliminating the economic risks of litigation between the parties. As the attorney for Allianz revealed at oral argument, Allianz and its principal have issued numerous policies that provide for an exclusive litigation forum in England. Distressed by the potential persuasive impact of the district court's holding that the forum clause is not binding, and seeking to establish Circuit precedent to the contrary, Allianz sought to preserve the appeal, despite settling this particular case. At oral argument, before we knew the details and scope of the settlement, the attorney for DHX stated that the parties settled the case but tried to "craft" it in such a way as to permit us to reach the merits of the district court's forum clause order:

> DHX: [T]he parties when they settled this case tried
> to settle it in such a way that the court would have

---

[6]Allianz refused to place DHX's counsel in first class, however, strictly limiting reimbursement for an "economy air fare [ ] not to exceed $300 round trip."

> a continuing case or controversy, because Allianz itself very much wished for an opinion as to the validity of its insurance clause in this case. We recognize the mootness problem. We tried very hard, however, to craft a settlement that would work in such a way that the court would have the particular issue in front of it, whether or not you could inadvertently waive your right to trial by jury in an insurance contract. Now, if you wish to declare it moot, you can. But that was exactly why we tried to craft the settlement so that there was not actually this [inaudible] of the case-in-chief.

What DHX and Allianz attempted in the agreement they "crafted" was to settle their economic dispute, but to somehow keep the forum clause issue alive.

That the parties went to such lengths to try to keep the forum clause issue alive ironically confirms the artificiality of the arrangement. The only interest of Allianz was the viability of the forum clause in some *future* case. All the while, Allianz was *paying* DHX to play the part of the opposing side, when DHX no longer had any interest in the outcome of the case, save from receiving a continuing stream of attorney's fees as it dutifully litigated in conformity with the instructions and needs of Allianz.

What the parties lacked in properly understanding the necessary implications of their settlement agreement was surely balanced by their unrelenting determination. Even after revealing the terms of the settlement when we ordered them to, the parties continued to assert that we should reach the merits. Joint Submission of 8/2/2005 (arguing that "Allianz has preserved its appeal on the enforceability of the insurance policy's forum selection clause").

As I turn to explain, no matter how cleverly such a settlement is "crafted," we cannot entertain it, because of the lack of a live controversy between the parties.

B

The constitutional authority of the United States Courts is carefully circumscribed to actual "cases" and "controversies." U.S. Const. art. III, § 2. "[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Steffel v. Thompson,* 415 U.S. 452, 459 n. 10 (1974). It has long been settled that we have no authority "to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before [us]." *Mills v. Green,* 159 U.S. 651, 653 (1895). The federal courts do not, and cannot, render advisory opinions. *United Pub. Workers v. Mitchell,* 330 U.S. 75, 89 (1947). A generalized disagreement, no matter how acrimonious, is insufficient to fulfill the requirements of Article III. *Diamond v. Charles,* 476 U.S. 54, 62 (1986). Where parties enter into a settlement that resolves all outstanding disputes, we are unable to grant effective relief and the case becomes moot. *See, e.g., United States v. Int'l Bhd. of Teamsters,* 172 F.3d 217, 221 (2d. Cir. 1999); *see also Gator.com Corp. v. L.L. Bean, Inc.,* 398 F.3d 1125 (9th Cir. 2005) (en banc) (holding that a settlement that paid $10,000 to the winner deprived us of a live controversy, thus mooting the appeal).

DHX has been bought by Allianz, yet both parties take the position that we have a live case or controversy. Far from being adverse parties, Allianz has entered into a side agreement with DHX. In addition to the $219,000 that Allianz has paid DHX, the side agreement provides DHX with a continuing stream of attorney's fees in return for maintaining a litigating position. In fact, if DHX were to decide not to litigate the forum clause issue any longer, DHX would be in a breach of the settlement agreement, which commands that "DHX will oppose the venue appeal on such terms and issues as are most favorable to pursuing a ruling on the merits from the Ninth Circuit." Settlement at ¶ 3. We are deprived of an adversarial setting, for DHX and Allianz have a common con-

cern in the settlement. Where one side is being paid by the other to take a litigating position, and would be found in breach of an agreement with the other party if it decided to no longer litigate, we hardly have the "concrete adverseness which sharpens the presentation of issues," which is integral to the Article III case or controversy requirement, *Baker v. Carr,* 369 U.S. 186, 204 (1962).

We do not reach the merits of the forum selection clause issue, and the opinion of the court properly dismisses both appeals as moot. Any opinion with respect to the forum selection clause issue at this juncture would prove to be an impermissible advisory opinion.

## C

Attorneys are under an obligation to provide prompt, complete, and accurate information to the court when parties reach a settlement. *See, e.g., Arizonans for Official English v. Arizona,* 520 U.S. 43, 68 n.23 (1997) ("It is the duty of counsel to bring to the federal tribunal's attention, without delay, facts that may raise a question of mootness. Nor is a change in circumstances bearing on the vitality of a case a matter opposing counsel may withhold from a federal court based on counsels' agreement that the case should proceed to judgment and not be treated as moot.") (citations and internal quotations omitted). The failure to promptly disclose such facts is sanctionable conduct. *Cf. Gould v. Bowyer,* 11 F.3d 82, 84 (7th Cir. 1993) ("[I]n order to spare busy courts unnecessary work, parties must advise a court when settlement is imminent. . . . The duty is implicit in the characterization of lawyers as officers of the court, and a breach of it therefore opens a lawyer to sanctions."). We are engaged to decide live cases or controversies as presented by the attorneys of record, and it is not for a court to smoke out who settled with whom. If an appeal is pending and a settlement emerges, it is the duty of counsel to disclose the essence of the settlement to the court.

The parties' disclosure of the settlement to us was inadequate. It appears as if the attorneys of record submitted the vaguest possible notice of the settlement in an attempt to relieve themselves from sanctions, but to avoid revealing what was really transpiring, so as not to surely doom the chances of our reaching the merits. We were informed only of "a settlement of certain proceedings before the English courts involving DHX and AGF M.A.T., S.A." Stipulation at App. A. Further, the stipulation made no mention of Allianz's participation and left the highly misleading (and false) impression that Allianz was not a party to the settlement. *Id.* We were also left uninformed about the complete financial settlement and of the parties' scheme to continue to engage in artificial litigation with Allianz's paying DHX's attorney's fees.

### III

At oral argument counsel for Allianz asked us, if we declined to reach the merits, to consider vacating the district court's opinion. The attorney for DHX stated that it would not object to our doing so.[7] Because the case is moot by settlement, we are not permitted to vacate the district court's opinion, no matter how desirable to the parties.

In *U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18 (1994), the Supreme Court considers whether a losing party who subsequently settles a case may seek vacatur of a court of appeals opinion. The Supreme Court answers in the negative, holding that "mootness by reason of settlement does not justify vacatur of a judgment under review." *Id.* at 29. When the parties settle a case on appeal, "the losing party has voluntarily forfeited his legal remedy by the ordinary process

---

[7]DHX's accession to Allianz's request for vacatur is not surprising, because the settlement *requires* DHX to "give any consent or stipulation reasonably necessary to bring about" vacatur of the district court's opinion. Settlement at ¶ 3.

of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur." *Id.* at 25. The Court observes that judicial precedents are valuable to society as a whole and are not mere property of private litigants. *Id.* at 26-27; Daniel Purcell, Comment, *The Public Right to Precedent: A Theory and Rejection of Vacatur,* 85 Cal. L. Rev. 867 (1997); *see also* Jill E. Fisch, *Rewriting History: The Propriety of Eradicating Prior Decisional Law Through Settlement and Vacatur,* 76 Cornell L. Rev. 589 (1991). The doctrine of *Bonner Mall* equally applies to "motions at the court-of-appeals level for vacatur of district-court judgments." 513 U.S. at 28.

In other words, a party aggrieved by a legal precedent may not "put[ ] the genie back in the bottle" by settling with the opposing party and jointly asking a court to vacate the decision. In any event, the impact of vacatur is limited. It is generally the case that a vacated opinion will have no preclusive effects against the parties in subsequent litigation. *See In re Burrell,* 415 F.3d 994, 999-1000 (9th Cir. 2005). But at minimum, a vacated opinion still carries informational and perhaps even persuasive or precedential value. *See U.S. v. Joelson,* 7 F.3d 174, 178 n.1 (9th Cir. 1993) (stating that a certain vacated Court of Appeals opinion "has no precedential effect" but citing the vacated opinion for its informational and persuasive value); *Gould v. Bowyer,* 11 F.3d 82, 84 (7th Cir. 1993) (noting that a vacated district court opinion carries informational value "even if the reviewing court intoned in its most solemn voice that the district court's decision would have no precedential effect"); *County of Los Angeles v. Davis,* 440 U.S. 625, 646 n.10 (1979) (Powell, J., dissenting) (asserting that the opinion of the court of appeals, though vacated, "will continue to have precedential weight and, until contrary authority is decided, [is] likely to be viewed as persuasive authority if not the governing law of the [ ] Circuit").

We have no authority to vacate the district court's judgment. When settling a suit, the Court admonishes, a litigant voluntarily forfeits his legal remedy of appeal, and so "by his

own choice," "surrender[s] his claim to the equitable remedy of vacatur." *Bonner Mall,* 513 U.S. at 25. If Allianz wished to avoid any possible persuasive or preclusive effects of the district court's order, it could have rejected the notion of settlement and seen this appeal to completion. By settling the underlying dispute with DHX, however, Allianz abandoned its right to review. In light of the parties' settlement, "[t]he denial of vacatur is merely one application of the principle that '[a] suitor's conduct in relation to the matter at hand may disentitle him to the relief he seeks.' " *Bonner Mall,* 513 U.S. at 25 (quoting *Sanders v. United States,* 373 U.S. 1, 17 (1963)).

The Supreme Court allows that "exceptional circumstances may *conceivably* counsel in favor" of a court of appeals' granting vacatur where mootness results by settlement. 513 U.S. at 29 (emphasis added). There are no exceptional circumstances where, as here, the parties simply have settled their dispute and agree to seek vacatur. *Id.* Just as a court is not permitted to rule on the merits of a case mooted by a settlement, *Bonner Mall* teaches that once a case is settled, a court of appeals is powerless to vacate a district court's findings of fact or conclusions of law that arose from the case, even if a settlement is "crafted" in such a way as to provide for it. 513 U.S. at 29.

Although there is no right to vacatur in such circumstances, and a court of appeals is powerless to grant it, *Bonner Mall* does allow a district court to consider, in its discretion, a request for vacatur of one of its judgments pursuant to Federal Rule of Civil Procedure 60(b). 513 U.S. at 29; *Am. Games, Inc. v. Trade Prods. Inc.,* 142 F.3d 1164, 1168 (9th Cir. 1998). Remanding the case to the district court for it to consider vacating its own judgment pursuant to the parties' request is appropriate.

APPENDIX TO THE CONCURRING OPINION

**APPENDIX A:** "STIPULATION RE LIMITING ISSUES FOR APPEAL"

Filed March 30, 2004

The undersigned DHX, INC. has entered into a settlement of certain proceedings before the English courts involving DHX and AGF M.A.T., S.A. That settlement impacts the issues presented on these consolidated appeals. AGF M.A.T., S.A. is the principal underwriter of the insurance policy that is the subject of these appeals but is not a party to these appeals. The parties to these appeals, DHX, INC. and ALLIANZ AGF MAT LTD. hereby stipulate as follows:

1. The motion of DHX, INC. to strike and remand the appeals is hereby withdrawn.

2. The only remaining issues to be decided between DHX, INC. and ALLIANZ AGF MAT LTD. herein regard the issues presented in Appeal No. 03[-]55455 filed by appellant ALLIANZ AGF MAT LTD. regarding the October 18, 2002 District Court Order denying the motion to dismiss of ALLIANZ AGF MAT LTD. The remaining disputed issue is the subject insurance policy's forum selection clause in favor of English courts, which the District Court found unenforceable for lack of an express waiver of the right to jury trial. A dispute as to the enforceability of that clause and its collateral estoppel effect remains. The undersigned parties consent to the Court of Appeal reviewing only those issues in these consolidated appeals.

Respectfully submitted,

Dated: March 18, 2004          GIBSON  ROBB  &  LINDH
                               LLP

                               BY: _____/s/_____
                               G. GEOFFREY ROBB
                               Attorneys for Defendant
                               ALLIANZ AGF MAT LTD.

Dated March 15, 2004           BY: _____/s/_____
                               DAVID E.R. WOOLLEY
                               Attorneys for Plaintiff
                               DHX, INC.

**APPENDIX B:** "SETTLEMENT AGREEMENT AND RELEASE"

The parties hereto have agreed to a settlement of the legal proceedings between them on the following terms:

1. AGF-M.A.T. S.A. agrees to pay DHX, Inc. (aka Dependable Hawaiian Express, Inc.) (hereinafter "DHX") the total sum of U.S. $219,000.00 (Two Hundred and Nineteen Thousand U.S. dollars) by wire transfer to DHX's account on or before March 16, 2004 or upon receipt of the faxed signature of DHX hereto if after that date.

2. AGF-M.A.T. S.A and DHX are currently engaged in English proceedings titled *AGF M.A.T., S.A. v. Dependable Hawaiian Express, Inc.,* 2003 Folio No. 178 which is now pending in the High Court of Justice Queens Bench Division Commercial Court. Regarding the English Proceedings, the parties hereto agree to mutually dismiss the matter entitled *AGF-M.A.T., S.A. v. Dependable Hawaiian Express, Inc.,* 2003 Folio No. 178, now pending in the High Court of Justice Queens Bench Division Commercial Court. The parties agree to lodge a consent order in the Commercial Court simply recording that terms of the settlement have been reached, it is agreed the proceedings will be dismissed, and that each party will bear its own costs in the proceedings. The order will also provide for the trial date to be vacated.

3. DHX and ALLIANZ AGF MAT LTD (ALLIANZ) are currently engaged in California proceedings entitled *DHX, Inc. v. Allianz AGF MAT Ltd.*; these proceedings are currently on file before the Ninth Circuit Court of Appeals but may yet be remanded to the Central District of California. There are three matters before the Court of Appeal:

   a)   the appeal of DHX from the final order, appeal 03-55426 ("the final order appeal");

    b)   the appeal of ALLIANZ from the venue ruling, appeal 03-55455 ("the venue appeal"); and

    c)   DHX's motion to strike and remand the appeals regarding the posting of a bond.

Regarding the California proceedings, DHX and ALLIANZ agree that the only remaining issues in dispute concern the appeal of ALLIANZ from the venue ruling. DHX and ALLIANZ will join in requesting the Ninth Circuit to limit the consolidated appeals to those issues and dispose of the remaining issue as follows:

    a)   DHX will dismiss the final order appeal (03-55426) with prejudice upon the written request of Allianz.

    b)   DHX will oppose the venue appeal on such terms and issues as are most favorable to pursuing a ruling on the merits from the Ninth Circuit. If for any reason that appeal is dismissed or the case is remanded without determination of the merits of the appeal, the parties agree to submit a mutual request to the District Court to vacate said order. ALLIANZ agrees to initiate and substantially prepare all papers necessary to such efforts, and DHX agrees to join in any motion(s) filed by ALLIANZ before the Ninth Circuit and the District Court and give any consent or stipulation reasonably necessary to bring about that result.

    c)   DHX will withdraw and dismiss the motion to strike ALLIANZ's pleadings forthwith.

AGF-M.A.T. S.A. agrees to reimburse reasonable attorneys fees and costs of DHX in doing any substantial work related to the matters on appeal and proceedings before the District

Court as follows: Mr. Woolley's services may be charged at $300/ hour only for substantial work actually done and submitted by detailed invoice and only following the execution of this agreement and related to pursuing resolution of the remaining venue issue before the Ninth Circuit and the district court. Substantial work does not include the review and analysis and execution of papers drafted by counsel for ALLIANZ. Regarding the oral argument on appeal, Mr. Woolley will charge not more than 10 hours of time for preparation and attendance and will be reimbursed only for economy air fare (not to exceed $300 round trip) and necessary parking and taxi charges only. Any other work that Mr. Woolley submits for reimbursement will be paid only if ALLIANZ has given advance written consent and under an agreed budget.

DHX hereby releases Allianz AGF-MAT, Ltd., AGF-M.AT. S.A. and any other company obligated in any way under the policy of insurance No. PM6443/01 and each of their respective predecessors, successors, employees, attorneys, principals and agents of any and all claims, whether in contract or tort, in any way arising out of or related to any and all losses or damages concerning the theft of two containers occurring on or about September 4, 2001, concerning any insurance claim arising therefrom and/or concerning the matters related to or arising out of the lawsuit filed by DHX in the Superior Court of California in and for the County of Los Angeles that was removed to the Central District Court of California, Case No. 02-6397 PA JTL. DHX agrees to file any dismissals with prejudice of either action that may become necessary to conclude the action consistent with this agreement.

The Parties agree that this Settlement Agreement and Release resolves disputed claims and that this release shall not be deemed an admission of liability by the parties, which liability, as to themselves, is expressly denied. This release memorializes a settlement and compromise of disputed claims made in order to avoid the costs and inconvenience of further

litigation, and neither the fact of release nor its contents shall be construed as, or be admissible evidence of, an admission of any fact or liability by parties in any action or proceeding.

The Parties intend that the releases herein contained shall be effective as a bar to each and every claim, demand or cause of action hereby released, whether known or unknown. The Parties acknowledge and understand that there is a risk that, subsequent to the execution of this release, they may have or discover claims against the other which are unknown or unanticipated by them. Nevertheless, the Parties hereby expressly waive all rights they may have with respect to such unknown claims or damages.

DHX further represents and warrants that it is the sole owner of all of the respective claims hereby released by it and agrees to hold harmless and indemnify all parties released herein from and against all liability, damage, costs and expense, including attorneys fees, as a result of any claim asserted or brought, whether litigation is commenced or not, by any person or entity who claims an interest in the released claims.

The Parties acknowledge and agree that any rule of interpretation, to the effect that ambiguities are to be resolved against the drafting party, shall not apply to the interpretation of this Agreement.

This Agreement shall be construed according to and governed by English law. Further, in any action to enforce the terms of this Agreement, the prevailing party or parties shall be entitled to recover reasonable attorneys' fees, experts' fees and costs in connection with such action.

This Agreement constitutes the entire agreement between Parties pertaining to the subject matter hereof, and may be modified only by a written agreement signed by all Parties

hereto. This Agreement may be executed in counterparts, each of which shall be deemed to be an original.

The signatures below further represent that they have authority to execute this release on behalf of the respective parties.

Date: 3/15/04     DHX, Inc.
BY: \_\_\_\_\_/s/_____
Its: President

Date: 16/3/04     AGF M.A.T., S.A.

By: \_\_\_\_\_/s/_____
P. Warren / Allianz Marine & Aviation
Its: Authorized Agent

Date: 16/3/04     Allianz AGF MAT, Ltd.
By: \_\_\_\_\_/s/_____
P. Warren / Allianz Marine & Aviation
Its: Authorized Agent

APPROVED:

Date: March 15, 2004  \_\_\_\_\_/s/_____
DAVID E.R. WOOLLEY

Date: _____   GIBSON ROBB & LINDH LLP

_____
G. GEOFFREY ROBB

Counsel

David E.R. Woolley, Los Angeles, California, for plaintiff-appellant-cross-appellee.

G. Geoffrey Robb, Gibson Robb & Lindh LLP, San Francisco, California, for defendant-appellee-cross-appellant.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2005 Thomson/West.