15-3135(L)
Sokolow v. Palestine Liberation Organization

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT
_____

August Term, 2015

Case Argued: April 12, 2016          Case Decided: August 31, 2016
Motion Filed: October 8, 2018          Motion Decided: June 3, 2019

Docket Nos. 15-3135-cv (Lead); 15-3151-cv (XAP)
_____

EVA WALDMAN, REVITAL BAUER, INDIVIDUALLY AND AS NATURAL GUARDIAN OF PLAINTIFFS YEHONATHON BAUER, BINYAMIN BAUER, DANIEL BAUER AND YEHUDA BAUER, SHAUL MANDELKORN, NURIT MANDELKORN, OZ JOSEPH GUETTA, MINOR, BY HIS NEXT FRIEND AND GUARDIAN VARDA GUETTA, VARDA GUETTA, INDIVIDUALLY AND AS NATURAL GUARDIAN OF PLAINTIFF OZ JOSEPH GUETTA, NORMAN GRITZ, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF DAVID GRITZ, MARK I. SOKOLOW, INDIVIDUALLY AND AS A NATURAL GUARDIAN OF PLAINTIFF JAMIE A. SOKOLOW, RENA M. SOKOLOW, INDIVIDUALLY AND AS A NATURAL GUARDIAN OF PLAINTIFF JAIME A. SOKOLOW, JAMIE A. SOKOLOW, MINOR, BY HER NEXT FRIENDS AND GUARDIAN MARK I. SOKOLOW AND RENA M. SOKOLOW, LAUREN M. SOKOLOW, ELANA R. SOKOLOW, SHAYNA EILEEN GOULD, RONALD ALLAN GOULD, ELISE JANET GOULD, JESSICA RINE, SHMUEL WALDMAN, HENNA NOVACK WALDMAN, MORRIS WALDMAN, ALAN J. BAUER, INDIVIDUALLY AND AS NATURAL GUARDIAN OF PLAINTIFFS YEHONATHON BAUER, BINYAMIN BAUER, DANIEL BAUER AND YEHUDA BAUER, YEHONATHON BAUER, MINOR, BY HIS NEXT FRIEND AND GUARDIANS DR. ALAN J. BAUER AND REVITAL BAUER, BINYAMIN BAUER, MINOR, BY HIS NEXT FRIEND AND GUARDIANS DR. ALAN J. BAUER AND REVITAL BAUER, DANIEL BAUER, MINOR, BY HIS NEXT FRIEND AND GUARDIANS DR. ALAN J. BAUER AND REVITAL BAUER, YEHUDA BAUER, MINOR, BY HIS NEXT FRIEND AND GUARDIANS DR. ALAN J. BAUER AND REVITAL BAUER, RABBI LEONARD MANDELKORN, KATHERINE BAKER, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF BENJAMIN BLUTSTEIN, REBEKAH BLUTSTEIN,

1

RICHARD BLUTSTEIN, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF BENJAMIN BLUTSTEIN, LARRY CARTER, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF DIANE ("DINA") CARTER, SHAUN COFFEL, DIANNE COULTER MILLER, ROBERT L COULTER, JR., ROBERT L. COULTER, SR., INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JANIS RUTH COULTER, CHANA BRACHA GOLDBERG, MINOR, BY HER NEXT FRIEND AND GUARDIAN KAREN GOLDBERG, ELIEZER SIMCHA GOLDBERG, MINOR, BY HER NEXT FRIEND AND GUARDIAN KAREN GOLDBERG, ESTHER ZAHAVA GOLDBERG, MINOR, BY HER NEXT FRIEND AND GUARDIAN KAREN GOLDBERG, KAREN GOLDBERG, INDIVIDUALLY, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF STUART SCOTT GOLDBERG/NATURAL GUARDIAN OF PLAINTIFFS CHANA BRACHA GOLDBERG, ESTHER ZAHAVA GOLDBERG, YITZHAK SHALOM GOLDBERG, SHOSHANA MALKA GOLDBERG, ELIEZER SIMCHA GOLDBERG, YAAKOV MOSHE GOLDBERG, TZVI YEHOSHUA GOLDBERG, SHOSHANA MALKA GOLDBERG, MINOR, BY HER NEXT FRIEND AND GUARDIAN KAREN GOLDBERG, TZVI YEHOSHUA GOLDBERG, MINOR, BY HER NEXT FRIEND AND GUARDIAN KAREN GOLDBERG, YAAKOV MOSHE GOLDBERG, MINOR, BY HER NEXT FRIEND AND GUARDIAN KAREN GOLDBERG, YITZHAK SHALOM GOLDBERG, MINOR, BY HER NEXT FRIEND AND GUARDIAN KAREN GOLDBERG, NEVENKA GRITZ, SOLE HEIR OF NORMAN GRITZ, DECEASED,

*Plaintiffs – Appellees - Cross-Appellants*,

—v.—

PALESTINE LIBERATION ORGANIZATION, PALESTINIAN AUTHORITY, AKA PALESTINIAN INTERIM SELF-GOVERNMENT AUTHORITY AND OR PALESTINIAN COUNCIL AND OR PALESTINIAN NATIONAL AUTHORITY,

*Defendants - Appellants - Cross-Appellees*,

YASSER ARAFAT, MARWIN BIN KHATIB BARGHOUTI, AHMED TALEB MUSTAPHA BARGHOUTI, AKA AL-FARANSI, NASSER MAHMOUD AHMED AWEIS, MAJID AL-MASRI, AKA ABU MOJAHED, MAHMOUD AL-TITI, MOHAMMED ABDEL RAHMAN SALAM MASALAH, AKA ABU SATKHAH, FARAS SADAK MOHAMMED GHANEM, AKA HITAWI, MOHAMMED SAMI IBRAHIM ABDULLAH, ESTATE OF SAID RAMADAN, DECEASED, ABDEL KARIM RATAB YUNIS AWEIS, NASSER JAMAL MOUSA SHAWISH,

2

TOUFIK TIRAWI, HUSSEIN AL-SHAYKH, SANA'A MUHAMMED SHEHADEH, KAIRA SAID ALI SADI, ESTATE OF MOHAMMED HASHAIKA, DECEASED, MUNZAR MAHMOUD KHALIL NOOR, ESTATE OF WAFA IDRIS, DECEASED, ESTATE OF MAZAN FARITACH, DECEASED, ESTATE OF MUHANAD ABU HALAWA, DECEASED, JOHN DOES, 1-99, HASSAN ABDEL RAHMAN,

*Defendants.*

_____

Before: LEVAL AND DRONEY, <u>Circuit Judges</u>, AND KOELTL, <u>District Judge</u>.[*]

On October 8, 2018, shortly after Congress enacted the Anti-Terrorism Clarification Act ("ATCA"), the plaintiffs-appellees-cross-appellants ("plaintiffs") moved this Court to recall the mandate issued after this Court's decision holding that the federal courts lacked personal jurisdiction over the Palestine Liberation Organization and the Palestinian Authority – the defendants-appellants-cross-appellees ("defendants") – with respect to the plaintiffs' claims. The plaintiffs contend that the newly enacted ATCA provides federal courts with jurisdiction over the defendants in this case and thus the mandate should be recalled. The extraordinary remedy of recalling a mandate is not warranted in this case, and the plaintiffs' motion is accordingly **DENIED**.

---

[*] Judge John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

_____

KENT A. YALOWITZ AND DAVID C. RUSSELL (Baruch Weiss, Dirk C. Phillips, John Robinson, Avishai D. Don, on the brief), Arnold & Porter Kaye Scholer LLP, for Plaintiffs-Appellees-Cross-Appellants.

GASSAN A. BALOUL (Mitchell R. Berger, Alexandra E. Chopin, Aaron W. Knights, on the brief), Squire Patton Boggs (US) LLP, for Defendants-Appellants-Cross-Appellees.

_____

PER CURIAM:

In this case, eleven American families sued the defendants, the Palestine Liberation Organization ("PLO") and the Palestinian Authority ("PA"), under the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2333(a), for various terror attacks in Israel that killed or wounded the plaintiffs or their family members. After a seven-week trial, the jury awarded the plaintiffs damages which, after trebling, amounted to $655.5 million. On appeal, this Court held that the federal courts lacked personal jurisdiction over the defendants with respect to the plaintiffs' claims. This Court vacated the judgment of the district court and remanded the case with instructions to dismiss the action. The mandate issued on November 28, 2016, and the Supreme Court denied the plaintiffs' petition for a writ of certiorari on April 2, 2018. The plaintiffs have now moved to recall the mandate based on the recently enacted Anti-Terrorism Clarification Act ("ATCA").

4

The ATCA became law on October 3, 2018. Pub. L. No. 115-253, 132 Stat 3183 (2018). Section 4 of the ATCA, which added a subsection (e) to 18 U.S.C. § 2334, specifies activities by which certain parties shall be deemed to have consented to personal jurisdiction. The provision states that "regardless of the date of the occurrence of the act of international terrorism upon which [a] civil action [brought under 18 U.S.C. § 2333] was filed," a defendant shall be deemed to have consented to personal jurisdiction in such action if the defendant either (a) accepts any of three specified forms of assistance after the date that is 120 days after Section 4 of the ATCA was enacted or (b) is "benefiting from a waiver or suspension of section 1003 of the [ATA]" and, after the date that is 120 days after Section 4 of the ATCA was enacted, establishes or continues to maintain "any office, headquarters, premises, or other facilities or establishments within the jurisdiction of the United States."[1] 18 U.S.C. § 2334(e)(1).

---

[1] Section 1003 of the ATA provides that:

> It shall be unlawful, if the purpose be to further the interests of the Palestine Liberation Organization or any of its constituent groups, any successor to any of those, or any agents thereof . . .
>
> > (1) to receive anything of value except informational material from the PLO or any of its constituent groups, any successor thereto, or any agents thereof;
> >
> > (2) to expend funds from the PLO or any of its constituent groups, any successor thereto, or any agents thereof; or
> >
> > (3) notwithstanding any provision of law to the contrary, to establish or maintain an office, headquarters, premises, or other facilities or establishments within the

On October 8, 2018, the plaintiffs filed the present motion to recall the mandate issued in this case. They argue that Section 4 of the ATCA provides the federal courts with jurisdiction over the defendants with respect to the plaintiffs' claims. The defendants counter that the plaintiffs have failed to show circumstances that warrant the extraordinary remedy of recalling the mandate and that, in any event, Section 4 of the ATCA does not apply retroactively to closed cases.

## I.

The federal courts of appeals "possess an inherent power to recall [a] mandate, subject to review for abuse of discretion." Taylor v. United States, 822 F.3d 84, 90 (2d Cir. 2016) (quotation marks omitted, alteration in original). Recalling a mandate is an extraordinary remedy to be used "sparing[ly]."

---

jurisdiction of the United States at the behest or direction of, or with funds provided by the Palestine Liberation Organization or any of its constituent groups, any successor to any of those, or any agents thereof.

22 U.S.C. § 5202. The President of the United States may waive this provision

if the President determines and certifies in writing to the Speaker of the House of Representatives, the President pro tempore of the Senate, and the appropriate congressional committees that the Palestinians have not, after the date of enactment of this Act [either (1) taken certain steps at the U.N. or (2) taken certain actions vis-à-vis the International Criminal Court].

Klieman v. Palestinian Auth., --- F.3d ----, 2019 WL 2093018, at *12 (D.C. Cir. May 14, 2019) (alteration and emphasis in Klieman) (quoting Consolidated Appropriations Act, 2016, Pub. L. No. 114-113, 129 Stat 2242, 2780 (2015)).

Calderon v. Thompson, 523 U.S. 538, 550 (1998); Taylor, 822 F.3d at 90. Courts are reluctant to recall a mandate because of "the need to preserve finality in judicial proceedings." Sargent v. Columbia Forest Prod., Inc., 75 F.3d 86, 89 (2d Cir. 1996). Although the passage of a new law might warrant recalling a mandate in some circumstances, this is not such a case.

**II.**

**A.**

The plaintiffs have not shown that either factual predicate of Section 4 of the ATCA has been satisfied. As to the first factual predicate, acceptance of a qualifying form of United States assistance, the plaintiffs state only that the defendants have accepted qualifying assistance in the past; they do not contend that the defendants currently do so. Meanwhile, in Klieman v. Palestinian Authority, which was decided on May 14, 2019, the Court of Appeals for the District of Columbia Circuit accepted the representation the Department of Justice made in an amicus curiae brief that neither the PLO nor the PA accept United States assistance. --- F.3d ----, 2019 WL 2093018, at *10 (D.C. Cir. May 14, 2019). The papers the plaintiffs filed in connection with this motion do not

provide any reason to doubt the Department of Justice's representation or the Klieman court's adoption of that representation.

The plaintiffs also fail to show that, in accordance with Section 4's second factual predicate, the defendants benefit from a waiver or suspension of Section 1003 of the ATA and have established or continued to maintain an office or other facility "within the jurisdiction of the United States." Both conditions are necessary under Section 4's second factual predicate. Klieman, 2019 WL 2093018 at *10.

As to the first condition, the plaintiffs have not established that the defendants benefit from an express waiver or suspension under Section 1003 of the ATA. The plaintiffs contend that an express waiver is not required by Section 4 of the ATCA, and that the President impliedly suspended Section 1003 of the ATA with respect to the defendants by permitting the defendants to engage in conduct allowed only if Section 1003 were suspended. But the Klieman court persuasively rejected a similar argument, reasoning that allowing implied waivers to qualify under Section 4 of the ATCA would "neglect the actual language of the legal authorization to issue waivers under [ATA] § 1003, . . . which creates legal consequences when the President 'certifies in writing' that a

waiver is to be issued." 2019 WL 2093018 at *12. The plaintiffs in this case have not put forth anything that could qualify as, or substitute for, an express waiver or suspension under Section 1003 of the ATA.

Moreover, the plaintiffs in this case have not shown that the defendants have established or continued to maintain an office or other facility within the jurisdiction of the United States. Although the PLO maintains its United Nations Observer Mission in New York, the prohibitions of Section 1003 of the ATA do not apply to that office. Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro, 937 F.2d 44, 46 (2d Cir. 1991); see United States v. Palestine Liberation Org., 695 F. Supp. 1456, 1465 (S.D.N.Y. 1988) (finding the ATA inapplicable to the PLO Observer Mission). The Observer Mission is not considered to be within the jurisdiction of the United States. See Klinghoffer, 937 F.2d at 51 ("[T]he PLO's participation in the UN is dependent on the legal fiction that the UN Headquarters is not really United States territory at all, but is rather neutral ground over which the United States has ceded control.").

The plaintiffs point out that, according to Klinghoffer, "activities not conducted in furtherance of the PLO's observer status may properly be considered as a basis of jurisdiction." Id. at 51. But this statement was made in

reference to determining whether such activities conferred personal jurisdiction over the PLO under § 301 of the New York Civil Practice Laws and Rules. Nothing in Klinghoffer suggests that the PLO's engaging in activities unrelated to its observer status transforms the PLO's Observer Mission into an office or other facility for the PLO "within the jurisdiction of the United States."

In sum, the plaintiffs have provided no basis to conclude that a factual predicate of Section 4 of the ATCA has been met in this case.

**B.**

This Court's interest in finality also weighs against recalling the mandate. When its factual predicates are met, Section 4 provides jurisdiction over a defendant "regardless of the date of the occurrence of the act of international terrorism upon which [the relevant] civil action was filed," 18 U.S.C. § 2334(e)(1), providing that the defendant subsequently commits certain acts. But irrespective of whether this language suggests that Section 4 applies retroactively to pending cases, such as the appeal in Klieman, it does not suggest that courts should reopen cases that are no longer pending. Legislation applies prospectively unless Congress explicitly provides for retroactive application. Vartelas v. Holder, 566 U.S. 257, 265–66 (2012); see Landgraf v. USI Film Prods., 511 U.S. 244, 272–73

(1994). And it is well-established that retroactive laws generally do not affect valid, final judgments. See Bank Markazi v. Peterson, 136 S. Ct. 1310, 1323 (2016) ("Congress . . . may not 'retroactively comman[d] the federal courts to reopen final judgments.'" (quoting Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 219 (1995) (alteration in original))). The mandate in this case was issued two and a half years ago, and the Supreme Court denied the plaintiffs' petition for a writ of certiorari more than six months before the plaintiffs filed their motion to recall the mandate. The ATCA does not provide explicitly or implicitly that closed cases can be reopened. Recalling the mandate now would offend "the need to preserve finality in judicial proceedings." Taylor, 822 F.3d at 90 (quotation marks omitted).[2]

## CONCLUSION

This case does not warrant invoking the extraordinary remedy of recalling a mandate issued two and a half years ago. The Court has considered all the arguments of the parties. To the extent not specifically addressed, they are either

---

[2] The plaintiffs in this case have filed a new complaint in the Southern District of New York. Sokolow v. Palestine Liberation Organization, No. 18cv12213 (S.D.N.Y.). To the extent that there are any developments in the activities of the PA or the PLO that may subject them to personal jurisdiction under the ATCA, they can be raised in that case.

moot or without merit. For the reasons explained above, the plaintiffs' motion to recall the mandate is **DENIED**.