Khanduri v. Garland

BIA
McCarthy, IJ
A208 109 539

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of January, two thousand twenty-five.

PRESENT:
      ROBERT D. SACK,
      DENNY CHIN,
      STEVEN J. MENASHI,
         *Circuit Judges.*

_____

VINAY DEVIPRASAD KHANDURI,
      *Petitioner,*

      v.                       **23-6292**
                                         NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:          Bruno J. Bembi, Esq., Hempstead, NY.

**FOR RESPONDENT:**             Brian M. Boynton, Principal Deputy Assistant Attorney General; Jennifer Levings, Assistant Director; Robert P. Coleman III, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Vinay Deviprasad Khanduri, a native and citizen of India, seeks review of a March 3, 2023, decision of the BIA affirming a February 19, 2020, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Vinay Deviprasad Khanduri*, No. A208 109 539 (B.I.A. Mar. 3, 2023), *aff'g* No. A208 109 539 (Immig. Ct. N.Y. City Feb. 19, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

"When the BIA issues an opinion, the opinion becomes the basis for judicial review of the decision of which the alien is complaining." *Bhagtana v. Garland*, 93 F.4th 592, 593 (2d Cir. 2023) (internal quotation marks omitted). While we nevertheless review both the IJ's and the BIA's decisions "for the sake of completeness," *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir.

2

2006), we review the IJ's decision as modified by the BIA, considering only the grounds on which the BIA relied, *Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review findings of fact for substantial evidence, and we review questions of law and the application of law to fact de novo. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

**I.      Asylum and Withholding of Removal**

An asylum applicant has the burden to establish past persecution or a well-founded fear of future persecution and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also* 8 C.F.R. § 1208.13(a), (b). "The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." 8 U.S.C. § 1158(b)(1)(B)(ii); *Wei Sun v. Sessions*, 883 F.3d 23, 28 (2d Cir. 2018). "In determining whether the applicant has met [his] burden, the trier of fact may

weigh the credible testimony along with other evidence of record. Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii). When denying a claim "based on the applicant's failure to provide reasonably obtainable corroborating evidence, . . . the IJ must (1) point to specific pieces of missing evidence and show that it was reasonably available, (2) give the applicant an opportunity to explain the omission, and (3) assess any explanation given." *Pinel-Gomez v. Garland*, 52 F.4th 523, 529 (2d Cir. 2022).

Khanduri alleged that he and his family were abused, harassed, threatened, and framed for crimes by his father-in-law who was angry that Khanduri, a Hindu, had eloped with his Sikh daughter, Sada. The agency correctly applied *Pinel-Gomez* and reasonably denied asylum based on a lack of corroborating evidence. The IJ determined that Khanduri was generally credible but found that his testimony was insufficient to meet his burden of proof because of discrepancies between his testimony, written statement, and asylum interview and his admitted memory issues. *See* 8 U.S.C. § 1158(b)(1)(B)(ii) (allowing for corroboration of

4

even credible testimony).  The IJ pointed to specific pieces of missing evidence that were reasonably available—letters from Khanduri's father (or other family members) and from his former wife, Sada.

Regarding Khanduri's father, the Government contends that Khanduri's argument that the agency overlooked an affidavit from his father is unexhausted. Issue exhaustion is mandatory when, as here, the Government raises the failure to exhaust.  *See Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023). Although petitioners are not limited to the "exact contours" of their argument to the agency and we may consider "specific, subsidiary legal arguments or arguments by extension" that were not presented to the agency, *Gill v. INS*, 420 F.3d 82, 85–86 (2d Cir. 2005), "when an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear it," *Vera Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024).  Accordingly, Khanduri's argument that the agency ignored an affidavit from his father is unexhausted because he mentioned at the hearing that he had an affidavit but (1) did not inform the IJ that it was in the record or discuss its contents, (2) his counsel told the IJ there were no corroborating letters, and (3) on appeal to the BIA, Khanduri did not mention an affidavit from his father.

5

*See Ud Din*, 72 F.4th at 419–20 & n.2. Khanduri's conclusory statement to the BIA that the IJ ignored testimony and erred in ruling that he did not provide corroboration was followed by a statement that communication with his family had broken down, thus implying there were no letters. Therefore, the argument he appeared to raise before the BIA—that his testimony was enough without corroboration—does not match his argument here that the IJ ignored evidence in the record. *See Vera Punin*, 108 F.4th at 124.

Given the information that Khanduri brought to the attention of the IJ and the BIA, the agency did not err in denying relief for lack of corroboration. The agency identified missing evidence, asked why it had not been presented, and considered Khanduri's explanations. *See Pinel-Gomez*, 52 F.4th at 529. The IJ also reasonably rejected Khanduri's explanations for not having letters from his father, other family members, or Sada. An IJ "must" ensure that an applicant's explanation for why he failed to provide such evidence is on the record, and "should clearly state for the record whether the explanation is sufficient." *Matter of L–A–C–*, 26 I. & N. Dec. 516, 521–22 (B.I.A. 2015). That is, an IJ "must . . . assess any explanation given." *Pinel-Gomez*, 52 F.4th at 529 (quotation marks omitted). Khanduri argues that the IJ failed to create a sufficient record for rejecting his

6

explanations. To the contrary, when the IJ pressed Khanduri as to why he did not obtain a letter from his father or family, Khanduri said his relationship with his family had broken down after his divorce from Sada in 2019. The agency provided a reasonable explanation for rejecting this justification—that Khanduri had nearly five years to obtain corroborating evidence after he applied for asylum in 2015, and he had a functioning relationship with his family for four of those years. Thus, this record does not compel the conclusion that letters from Khanduri's family were unavailable. "No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4).

Similarly, regarding a letter from Sada, the record does not compel the conclusion that a letter was unavailable. *Id.* When asked why he did not have a letter from Sada, Khanduri was not responsive. In reply to the question why Sada could not have provided a letter when she was in the United States with Khanduri in 2016, Khanduri stated, "I had contact with her at that point of time, but since two years, she has not been here." His statement that she had not been in the United States for two years did not explain why he did not obtain a statement from

7

her while she was in the United States or before their divorce. Thus, contrary to Khanduri's assertion here, the agency gave him a chance to explain why he did not have a letter from Sada, and he failed to provide a coherent explanation.

The lack of corroboration is dispositive of both asylum and withholding of removal. *See* 8 U.S.C. § 1231(b)(3)(C) (providing that corroboration requirements for asylum apply to withholding of removal). Khanduri's remaining arguments are misplaced because the BIA relied only on the corroboration ruling in affirming the denial of asylum and withholding of removal. *See Xue Hong Yang*, 426 F.3d at 522.

II. **CAT Relief**

Khanduri waives his CAT claim because he does not meaningfully challenge the denial of it here. "We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023). Khanduri advances a cursory argument that "he is entitled to relief under [the CAT]," but this bare statement supported by no legal authority is insufficient for this Court to consider the argument as properly challenging the agency's denial of CAT relief. *See id*. (concluding that the

petitioner abandoned a claim by failing to explain "why the BIA and IJ erred").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
